Slip Op. 20-57

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GOODLUCK INDIA LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>and<br><br>ARCELORMITTAL TUBULAR PRODUCTS, MICHIGAN SEAMLESS TUBE, LLC, PLYMOUTH TUBE CO. USA, PTC ALLIANCE CORP., WEBCO INDUSTRIES, INC. AND ZEKELMAN INDUSTRIES, INC,<br><br>        Defendant-Intervenors. | Before: Gary S. Katzmann, Judge<br>Court No. 18-00162 |

**OPINION**

[The court sustains Commerce's Remand Results].

Dated: April 30, 2020

Ned H. Marshak, Andrew T. Schutz, Jordan C. Kah and Michael S. Holton, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP, of New York, NY and Washington, DC, for plaintiff.

Ann C. Motto, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director. Of counsel was Ayat Mujais, Office of the Chief Counsel for Trade Enforcement & Compliance, Office of the General Counsel, U.S. Department of Commerce, of Washington, DC.

David C. Smith, R. Alan Luberda, Melissa M. Brewer and Kathleen M. Cusack, Kelley Drye & Warren, LLP, of Washington, DC, for defendant-intervenors.

Katzmann, Judge:  The court returns to an antidumping ("AD") investigation by the United States Department of Commerce ("Commerce") in which it rejected corrected information submitted by a respondent during verification of Commerce's investigation results.  Before the court is Commerce's <u>Final Results of Redetermination Pursuant to Court Remand</u> (Dep't Commerce Dec. 23, 2019), ECF No. 55 ("<u>Remand Results</u>"), which the court ordered in <u>Goodluck India Limited v. United States</u>, 43 CIT __, 393 F. Supp. 3d 1352 (2019).  Under protest, Commerce recalculated Goodluck India Limited's ("Goodluck") dumping margin to zero percent, thus excluding Goodluck from AD duties.  <u>Remand Results</u> at 9.  Plaintiff Goodluck and Defendant the United States ("the Government") request that the court sustain the <u>Remand Results</u>.  Pl.'s Resp. to Def.-Inters.' Comments in Opp'n to Final Remand Redetermination at 5, March 6, 2020, ECF No. 59 ("Pl.'s Br."); Def.'s Reply to Comments on Remand Redetermination at 1, March 6, 2020, ECF No. 60 ("Def.'s Br.").  Defendant-Intervenors ArcelorMittal Tubular Products, Michigan Seamless Tube, LLC, PTC, Alliance Corp., Webco Industries, Inc., and Zekelman lndustries, Inc. request "that the [c]ourt reconsider[] its order directing Commerce to consider the corrected submission filed by Goodluck."  Def.-Inters.' Comments in Opp'n to Final Remand Redetermination at 1, Feb. 5, 2020, ECF No. 57 ("Def.-Inters.' Br.").  The court sustains the <u>Remand Results</u>.

**BACKGROUND**

The court set out the relevant legal and factual background of the proceedings in further detail in its previous opinion, <u>Goodluck India</u>, 393 F. Supp. 3d at 1356–62.  Information relevant to the instant opinion is set forth below.

On May 16, 2017, Commerce initiated an AD investigation into cold-drawn mechanical tubing from India and selected Goodluck as a mandatory respondent in that investigation.  See

<u>Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from the Federal Republic of Germany, India, Italy, the Republic of Korea, the People's Republic of China, and Switzerland: Initiation of Less-Than-Fair-Value Investigations</u>, 82 Fed. Reg. 22,491 (Dep't Commerce May 16, 2017); U.S. Dep't of Commerce Questionnaire to Goodluck (June 19, 2017), P.R. 81.  Commerce published the preliminary results of its investigation on November 22, 2017, concluding that Goodluck's dumping margin was de minimis based on Goodluck's reported data.  See <u>Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel From India: Preliminary Affirmative Determination of Sales at Less Than Fair Value, in Part, Postponement of Final Determination, and Extension of Provisional Measures</u>, 82 Fed. Reg. 55,567, 55,569 (Nov. 22, 2017).  On both the first day of Commerce's sales verification and on the first day of its cost verification of its preliminary results, Goodluck reported corrections to its previously reported data that affected Commerce's preliminary dumping margin.  See <u>Remand Results</u> at 4.  However, Commerce rejected these corrections as untimely new factual information submitted outside the investigation period and then rejected Goodluck's originally reported data as unreliable.  See <u>Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel From India: Final Affirmative Determination of Sales at Less than Fair Value</u>, 83 Fed. Reg. 16,296 (Apr. 16, 2018) ("<u>Final Determination</u>"), and accompanying Issues and Decision Memorandum at 10–14 (Apr. 9, 2018), P.R. 311.  Commerce thus calculated Goodluck's AD margin based on adverse facts available ("AFA") and applied the highest dumping margin of 33.8 percent.  <u>Final Determination</u> at 16,297.

Goodluck then challenged the <u>Final Determination</u> before the court.  Goodluck claimed "that Commerce's determination was unsupported by substantial evidence and contrary to law because (1) Commerce abused its discretion by rejecting Goodluck's correction submission at verification; (2) Commerce's reliance on [AFA] was not warranted where there were no gaps in

the record and where Goodluck did not significantly impede the investigation; and (3) Commerce deviated from its typical practice when calculating Goodluck's export subsidy cash deposit without adequate explanation." Goodluck India, 393 F. Supp. 3d at 1362–63. The court agreed with Goodluck as to its first claim and found that "Goodluck's revised data submission should [have been] categorized as a correctible importer mistake as opposed to untimely new factual information." Id. at 1370. Therefore, in the previous opinion, the court did not reach "whether Commerce's reliance on facts otherwise available and adverse inferences is supported by substantial evidence and in accordance with law." Id. The court remanded the case to Commerce "to consider Goodluck's corrected submission as well as to explain why it . . . departed from its general practice for calculating export subsidy cash deposit offset rates . . . ." Id. at 1363.

On remand, Commerce, under protest, "accept[ed] Goodluck's revised databases, and recalculate[ed] Goodluck's dumping rate pursuant to the [previous opinion and order]." Remand Results at 1. Thus, Commerce did not apply AFA in calculating Goodluck's dumping margin on remand, but instead calculated Goodluck's dumping margin as zero based on those revised databases. Id. at 9. The Government then filed the final Remand Results with the court on December 23, 2019. Remand Results. Defendant-Intervenors filed their comments on the Remand Results on February 5, 2020. Def.-Inters.' Br. Goodluck and the Government filed replies to those comments on March 6, 2020. Pl.'s Br.; Def.'s Br. The court now reviews the Remand Results "for compliance with the court's remand order." See Beijing Tianhi Indus. Co. v. United States, 39 CIT __, __, 106 F. Supp. 3d 1342, 1346 (2015) (citations omitted).

**DISCUSSION**

The Government and Goodluck request that the court affirm the Remand Results. Pl.'s Br. at 5; Def.'s Br. at 1. Defendant-Intervenors, however, challenge the court's original decision to

remand to Commerce its rejection of Goodluck's corrected data. See Def.-Inters.' Br. at 1. Because Commerce complied with the court's remand order, the court affirms the Remand Results.

In its previous opinion, the court ordered Commerce on remand to accept Goodluck's corrections to its reported data and to calculate its AD margin using that data. See Goodluck India, 393 F. Supp. 3d at 1363. The court agrees with the Government that the Remand Results show that "Commerce requested that Goodluck place the corrected database on the remand record, which Goodluck did, and recalculated the margin for Goodluck based on the submission, as directed" by the court. See Def.'s Br. at 4. Commerce recalculated an AD margin for Goodluck of zero percent. Remand Results at 9. Because Goodluck "will no longer be subject to the AD order on cold-drawn mechanical tubing from India," Commerce did not need to recalculate a cash deposit rate for Goodluck as ordered by the court's remand. Id. Therefore, the court need not reach the AFA application and cash deposit issues.

Defendant-Intervenors ask the court to reverse its previous opinion, which remanded Commerce's Final Determination, claiming that "the [c]ourt inappropriately substituted its judgment for that of the agency." Def.-Inters.' Br. at 5. Defendant-Intervenors argue that, in the Final Determination, Commerce correctly relied on 19 U.S.C. § 1677m(d)–(e) in making the factual determination to reject Goodluck's original databases and in applying adverse facts available to Goodluck in calculating its dumping margin. Id. at 5–7. Thus, they argue, "Commerce was entitled to, and properly did, follow the statute in rejecting Goodluck's new information for the Final Determination, and it should not have been directed by the [c]ourt to give consideration to Goodluck's untimely submitted information." Id. at 12. On that basis, Defendant-Intervenors request that the court reconsider its previous opinion. Id.

The court is not persuaded by Defendant-Intervenors' request. In Goodluck India, the court decided that, under existing caselaw and Commerce's own practice, Commerce abused its discretion by rejecting Goodluck's minor corrections, and thus the Final Determination was not supported by substantial evidence or in accordance with law. 393 F. Supp. 3d at 1363–64 (citing NTN Bearing Corp. v. United States, 74 F.3d 1204 (Fed. Cir. 1995); Fischer S.A. Comercio v. United States, 34 CIT 334, 700 F. Supp. 2d 1364 (CIT 2010); Certain Hot-Rolled Steel Flat Products from the United Kingdom, 81 Fed. Reg. 53,436 (Dep't Commerce Aug. 12, 2016)). For that reason, the court was not required to defer to Commerce's decision to reject Goodluck's corrected data. The court concluded that Goodluck's corrections were minor and that Commerce should have accepted those corrections in accordance with its past practice. Id. By accepting those corrections, Commerce has now complied with the remand order, acting in accordance with law. Further, as Goodluck notes, Defendant-Intervenors do not cite to any subsequently published precedent that would undermine the court's analysis in Goodluck India or identify any "factual mistakes or clerical errors," Pl.'s Br. at 2, in that previous opinion. See Def.-Inters' Br.

## CONCLUSION

Commerce complied with the court's remand instructions, and Defendant-Intervenors' arguments do not persuade the court to revisit its previous opinion. For the above stated reasons, the court sustains Commerce's Remand Results.

**SO ORDERED.**

/s/ *Gary S. Katzmann*
Gary S. Katzmann, Judge

Dated: April 30, 2020
      New York, New York